IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAMONT CLIFFORD KING, #466560
    Plaintiff,

vs.                                                            Case No.: 3:10cv258/RV/EMT

JAMES SHEPPARD, Chief Health Officer;
JOHN LOVELACE, Senior Registered Nurse,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court upon Plaintiff's Motion for Dismissal (doc. 79). Defendants moved for summary judgment (doc. 77) on Plaintiff's second amended complaint (doc. 17), and Plaintiff was directed to file a response (doc. 78). In lieu of responding, Plaintiff now requests that the court dismiss this action without prejudice and without cost to any of the parties "on the following grounds: in the best interest of justice, and requests dismissal without prejudice" (*see* doc. 79 at 1). Defendants have filed a response indicating that they do not oppose Plaintiff's motion (doc. 80).

        Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that an action may be dismissed by a plaintiff without an order of the court by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated, the dismissal is without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). Here, there is no stipulation of dismissal that is signed by all the parties who have appeared in this action. Therefore, Plaintiff is not entitled to automatic dismissal of this action under Rule 41(a)(1)(A)(ii).

        As previously noted, however, Defendants do not oppose Plaintiff's motion for dismissal of this action without prejudice (*see* doc. 80). Therefore, the court will treat Plaintiff's motion as one to voluntarily dismiss under Rule 41(a)(2). Dismissal under Rule 41(a)(2) shall not be had "at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Dismissal is without prejudice unless otherwise provided

in the order. *See id.* The Eleventh Circuit has explained that

> [t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." *Id.* at 856–57. "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857.

Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (modifications added). Here, voluntary dismissal of this action is proper because Plaintiff has requested such a dismissal and Defendants do not oppose his request. Moreover, dismissal should be without prejudice by agreement of the parties.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's Motion for Dismissal (doc. 79) be **GRANTED** and this case be **DISMISSED without prejudice**.

2. That all pending motions be **DENIED as moot**.

At Pensacola, Florida this 23rd day of October 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**